David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
email:  DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel:    323-790-4881
email:  MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE and MARK RUBENSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>AMBASE CORP.,<br><br>Nominal Defendant,<br><br>and<br><br>ISZO CAPITAL LP;<br>ISZO CAPITAL MANAGEMENT LP;<br>ISZO CAPITAL GP LLC;<br>and BRIAN L. SHEEHY,<br><br>Defendants. | No.  **19-cv-8179**<br>_____<br>(ECF Case)<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**DEBORAH DONOGHUE** and **MARK RUBENSTEIN**, by David Lopez, Esq., and Miriam Tauber, Esq., their attorneys, complaining of the Defendants, respectfully allege the

1

following upon information and belief, except as to Paragraph 2, which Plaintiffs allege on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES and VENUE:**

2. Plaintiffs are security owners of AMBASE CORPORATION ("AMBASE"), a Delaware corporation with principal offices at 7857 West Sample Road, Suite 134, Coral Springs, Florida 33065 (formerly: 1 S. Ocean Blvd. Suite 301, Boca Raton FL 33432).

3. At all times relevant the common stock of AMBASE was registered under Section 12(g) of the Act, 15 U.S.C. § 78*l*, and traded by market-makers located within this District. One or more of the transactions herein described was executed through such a market-maker within the District.

4. This action is brought in the right and for the benefit of AMBASE, which is named as a Nominal Defendant solely in order to have all necessary parties before the Court.

5. At all times relevant Defendants ISZO CAPITAL LP ("ISZO"), ISZO CAPITAL MANAGEMENT LP, ISZLO CAPITAL GP LLC, and BRIAN L. SHEEHY (collectively, the "IsZo Group," were members of a "group" of beneficial owners of more than 10% of the common stock of AMBASE, within the meaning of Section 13(d) of the Act, and each Defendant was an individual "insider" of AMBASE for purposes of Section 16 of the Act.

6. Each of the Defendants has principal offices or may be found within this District, at 415 Madison Avenue 14th Floor, New York, New York 10017.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and related rules and regulations.

8. Demand for prosecution was made on AMBASE by each Plaintiff on September 21, 2018, with several follow-up demands. More than 60 days have expired and AMBASE has not recovered the profits at issue. Further delay in the initiation of suit would be a futile gesture.

9. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission (SEC).

**FIRST CLAIM FOR RELIEF:**

10. ISZO purchased and sold shares of the common stock of AMBASE, as follows:

| **Date** | **Transaction** | **No. of Shares** | **Price/Share** |
|---|---|---|---|
| April 30, 2018 | Purchase | 200,500 | $0.45 |
| May 1, 2018 | Purchase | 75,000 | $0.5 |
| May 2, 2018 | Purchase | 131,500 | $0.52 |
| September 7, 2018 | Purchase | 219,534 | $0.5209 |
| September 18, 2018 | Sale | 158,416 | $0.535 |

11. Matching the lowest priced purchases against the highest priced sales within periods of less than six months in order to maximize profit recovery, ISZO realized total short-swing profits of approximately $13,465. These profits belong to AMBASE and are recoverable from ISZO, and/or from each Defendant and IsZo Group member to the extent of their respective "pecuniary interests" in the profits, by Plaintiffs for the benefit of AMBASE, given that AMBASE has failed to recover the profits on its own behalf.

**SECOND CLAIM FOR RELIEF:**

12. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

13. ISZO, and/or one or more of the Defendants and IsZo Group members, during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold AMBASE securities within periods of less than six months, while statutory "insiders" of AMBASE, including but not limited to the transactions pleaded in the First Claim for Relief.

14. By reason of such purchases and sales of AMBASE securities within periods of less than six months, ISZO and/or the Defendants and IsZo Group members realized profits, the exact amounts thereof being unknown to Plaintiffs, which profits inure to the benefit, and are recoverable by Plaintiffs on behalf, of AMBASE.

**WHEREFORE**, Plaintiffs demand judgment:

a. Requiring Defendants to account for and to pay over to AMBASE all short-swing profits realized and retained in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b. Awarding to Plaintiffs their costs and disbursements including reasonable attorneys', accountants and expert witness fees; and;

c. Granting to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York  　　　　　*s/ Miriam Tauber*
　　　　September 3, 2019  　　　　　Miriam Tauber (MT-1979)
　　　　　　　　　　　　　　　　　　MIRIAM TAUBER LAW PLLC
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiffs*